IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LUIS MARTIN TELLEZ-AGUILAR, § § | |
| Petitioner, § § | |
| v. § | CAUSE NO. EP-26-CV-238-KC |
| § | |
| MARY DE ANDA-YBARRA et al., § § | |
| Respondents. § | |

**ORDER**

On this day, the Court considered Luis Martin Tellez-Aguilar's Petition for a Writ of Habeas Corpus, ECF No. 1. Tellez-Aguilar is detained at the ERO El Paso Camp East Montana in El Paso, Texas. *Id.* ¶ 3. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 64–102.

Tellez-Aguilar has been in the country since 2023 and was apprehended and detained by immigration authorities for the first time on January 10, 2026. *Id.* ¶¶ 1–2. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Tellez-Aguilar's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Tellez-Aguilar's case warrant a different outcome" by February 6, 2026. *Id.* at 1–2.

Respondents have now filed a Response, ECF No. 3. Respondents concede that "prior rulings within this District concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would

control the result in this case." *Id.* at 1. Instead of reprising the same legal arguments that this Court rejected in *Martinez*,[1] Respondents "reserve[] all rights" and "preserve the legal issues." *Id.* at 1. As Respondents acknowledge that this case is materially indistinguishable from this Court's prior decisions, it follows that the same result is warranted here.

      This conclusion is not changed by the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026). Tellez-Aguilar argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on both statutory grounds, as well as constitutional due process grounds. Pet. ¶¶ 71–79, 94–96. The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Tellez-Aguilar's position to a bond hearing when they are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *1. Therefore, the Petition is denied in part as to the statutory claim. However, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *See generally Buenrostro-Mendez*, 2026 WL 323330, at *1–10. And the case was remanded to the district court, not for dismissal, but "for further proceedings consistent with this opinion." *Id.* at *10. Presumably, those further proceedings will entail consideration of Buenrostro-Mendez's due process claim, which the district court declined to reach in the first instance. *Buenrostro-Mendez v. Bondi*, No. 25-cv-3726, 2025 WL 2886346, at *3 n.4 (S.D. Tex. Oct. 7, 2025). Indeed, the Government's counsel stated it bluntly during oral argument: "We have one issue before the Court now: the statutory question. . . . There's not, in other words, a due process

---

[1] In *Martinez* this Court rejected Respondents' boilerplate arguments for essentially the same reasons it rejected those arguments in its other immigration habeas decisions. *See Martinez*, 2025 WL 2965859, at *1–5; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025).

claim here." Oral Argument, *Buenrostro-Mendez v. Bondi*¸ No. 25-20496, at 44:56–45:11 (5th Cir. Feb. 3, 2026), *available at* https://www.ca5.uscourts.gov/OralArgRecordings/25/25-20496_2-3-2026.mp3.  In sum, *Buenrostro-Mendez* has no bearing on this Court's determination of whether Tellez-Aguilar is being detained in violation of his constitutional right to procedural due process.

Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Tellez-Aguilar's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, <u>**on or before February 17, 2026**</u>, Respondents shall either: (1) provide Tellez-Aguilar with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Tellez-Aguilar's continued detention; or (2) release Tellez-Aguilar from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>**on or before February 17, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Tellez-Aguilar has been released from custody.  If Tellez-Aguilar has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

<u>**There will be no extensions of the February 17, 2026, deadlines**</u>.

---

[2] The relevant facts are undisputed, *see generally* Resp., and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

**SO ORDERED**.

**SIGNED** this 9th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE